The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | NO. 19-cv-05409-BHS-MAT |
| Plaintiff, | |
| v. | [PROPOSED] CONSENT DECREE |
| BONNEVILLE HOT SPRINGS, INC. and CARSON HOT SPRINGS RESORT, LLC, | |
| Defendants. | |

I.    INTRODUCTION

1.    Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this lawsuit against Defendants Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC ("Defendants") alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  The EEOC alleged that Defendants deprived Charging Party former employee Holly Nelson ("Nelson" or "Charging Party") and other female employees ("Claimant(s)") of equal employment opportunities because of their sex by subjecting them to unlawful sexual harassment, including a hostile work environment, and subjected Nelson to constructive discharge. Defendants deny all allegations.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

2.      The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Ms. Nelson's charge of discrimination filed with the EEOC.  The EEOC and Defendants will enter into the Consent Decree to further the objectives of equal employment opportunity as set forth in the Civil Rights Acts of 1964 and 1991.

II.     JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

III.    NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

5.      This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Defendants of a violation of the Civil Rights Acts of 1964 and 1991 or any federal, state, or local law.

IV.     SETTLEMENT SCOPE

6.      This Consent Decree is the final resolution of all allegations of unlawful employment practices contained in Ms. Nelson's discrimination charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed in this lawsuit, including all claims by the parties for attorney fees and costs.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 2
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

7.      This Consent Decree applies to Bonneville Hot Springs, Inc., Carson Hot Springs Resort, LLC, and their successors and assigns.  The injunctive relief described in this Consent Decree applies to Carson Hot Springs, LLC and any successor and assigns.

8.      During the duration of this Consent Decree, Defendants will provide prior written notice to any potential purchaser of the Defendants' businesses, or a potential purchaser of all or a portion of the Defendants' assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

9.      Defendants shall provide written notice to EEOC within ten (10) business days after the purchase-sale date of Defendants' businesses, the purchase-sale date of all or a portion of Defendants' assets, or the execution date of a lease agreement providing for a third party to assume control over the operation or management of Defendants' businesses in whole or in part. If any of the events described in the previous sentence occurred after the lawsuit was filed and prior to the entry of this Consent Decree, Defendants shall provide written notice to EEOC within ten (10) business days of the entry of this Consent Decree.  On EEOC's request, Defendants shall provide within ten (10) business days all documentation supporting the purchase-sale or lease agreement.  EEOC shall determine whether any business entity constitutes a legally bound successor ("successor entity") for purposes of Consent Decree compliance.  EEOC shall notify Defendants of its determination as to successor entity status within thirty (30) business days of receipt of documentation supporting the purchase-sale or lease agreement.

10.      A successor entity as determined by EEOC may make a request to EEOC for release from all Consent Decree obligations after two and one-half (2.5) years from the entry of this

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 3
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1   Consent Decree by email to EEOC-SEFO_COMPLIANCE@eeoc.gov and

2   SEFO_BHS@eeoc.gov  EEOC in its sole discretion and in good faith shall determine whether the

3   successor entity's level of compliance warrants early release.  EEOC shall notify the successor entity

4   of its determination within thirty (30) business days of the request receipt.  Upon finding that early

5   release of the successor entity is warranted, the EEOC will petition the Court to release the successor

6   entity from the obligations of this Consent Decree.

7   

8            11.      In the event that a third party through lease or otherwise takes over the

9   operation or management of Defendants' businesses in whole or in part, Defendants shall

10  contractually require this third party to fully comply with all terms of this Consent Decree for its

11  duration.

12           12.      Defendants will not condition the receipt of monetary relief on Ms. Nelson or

13  any claimant's agreement to (a) maintain as confidential the facts and/or allegations underlying her

14  claim and the Complaint and the terms of this Decree; (b) waive her statutory right to file a charge

15  with any governmental agency; (c) refrain from reapplying for a job with Defendants; or (d) a non-

16  disparagement and/or confidentiality agreement.

17  V.       MONETARY RELIEF

18           13.      Defendants shall pay the Charging Party and a class of five similarly situated

19  female claimants five hundred and seventy thousand dollars ($570,000.00) no later than fourteen

20  (14) business days of the entry of this Consent Decree.  Within seven (7) days of the entry of this

21  Consent Decree, the Commission shall provide Defendants with an accounting of the specific

22  amounts to be paid to each claimant along with the address where each payment should be mailed.

23  The checks, which are for non-wage damages, will be made payable directly to each claimant.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 4
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Defendants will issue an IRS form 1099 to each claimant for the payment of these non-wage damages.  Defendants shall simultaneously transmit copies of the checks made payable to the claimants and tracking information for the delivery of the checks to: EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_BHS@eeoc.gov.

VI.    INJUNCTIVE RELIEF

A.    General Provisions

14.    Defendants, including their officers, agents, managers, supervisors, human resource employees and their successors and assigns, including any operators or purchasers of either Defendant, are permanently enjoined from engaging in practices that discriminate against or subject any employee to a hostile work environment based on sex as prohibited by Title VII of the Civil Rights Acts of 1964 and 1991.  In recognition of these obligations, Defendants shall instate the policies and practices set forth below.

B.    Anti-Discrimination Practices Consultant

15.    Within thirty (30) days of the entry date of this Consent Decree, Defendants shall retain a third-party independent consultant ("Consultant") with expertise in employment discrimination under Title VII of the Civil Rights Act and related employment policies and practices. Any Consultant must be retained for the entire duration of the Consent Decree. Prior to the retention of any Consultant, Defendants shall provide materials related to the Consultant's qualifications and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of the Consent Decree, to the EEOC for review and comment.  Within fifteen (15) days of receipt, the EEOC will advise the Defendants of any comments.  The Defendants shall bear all costs of retaining the Consultant to perform the duties required by this Consent Decree.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 5
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

16.     Defendants will utilize the Consultant in the review, development, and promulgation of policies, practices, and training consistent with the requirements of this Consent Decree, and specifically with regard to compliance with Title VII.  Defendants will ensure that the Consultant will be notified about any complaint of sexual harassment or retaliation within 24 hours of Defendants' receiving the complaint.  Defendants will ensure that the Consultant performs the following duties over the duration of the Consent Decree:

a.   Respond to and investigate all complaints of sexual harassment and retaliation.

b.   Follow up with each complainant during the investigation and within sixty (60) days after the investigation will inquire whether the complainant has been subjected to retaliation and investigate if the complainant claims retaliation.

c.   Make recommendations for the resolution of a complaint of sexual harassment and retaliation, which Defendants will follow.

d.   Ensure that Pirfil Cam, Marfa Scheratski, all owners, presidents, vice-presidents, managers, supervisors, and human resource professionals who provide advice and assistance to Defendants' management, and all employees receive the training required by this Consent Decree.

e.   Ensure that Defendants' performance and discipline policies hold Pirfil Cam, Marfa Scheratski, all owners, presidents, vice-presidents, managers, supervisors, and human resource professionals who provide advice and assistance to Defendants' management, and all employees

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 6
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

accountable for engaging in conduct that is prohibited under Title VII or this decree or for failing to take appropriate action regarding complaints of sexual harassment and retaliation.

    f.   Ensure that Defendants timely submit the compliance reports required by paragraph 34 of this Decree.

17.    Defendants shall ensure that the Consultant will have access to all records, documents, data and other sources of information, including the ability to interview Defendants' personnel, which the Consultant deems necessary or appropriate to perform the duties required by the Consent Decree.

C.   <u>Anti-Discrimination Policies and Procedures</u>

18.    Within one-hundred-twenty (120) days  from the date of entry of this Consent Decree and for its duration, Defendants shall, with the assistance of the Consultant, develop and implement anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment, and retaliation, explain to employees their rights and responsibilities under the EEO laws, and are subject to periodic updating to reflect changes in anti-discrimination laws.  The policies will state that they are promulgated at the direction of and with the endorsement by the highest level of the company.  These policies and procedures shall be provided to the EEOC for review and comment no later than forty-five (45) days prior to implementation.  Within ten (10) business days of receipt, the EEOC will advise the Defendants of any comments.  EEOC agrees to review the proposed policies and procedures in good faith.

19.    Defendants' anti-discrimination policies shall contain specific provisions relating to sexual harassment and retaliation.  The harassment section of the policies will provide a

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 7
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

definition of sexual harassment and must include statements that: 1) employees have the right to be free from harassing behavior while at work, including inappropriate behavior from the owner of the company, and 2) retaliation against persons who make complaints of discrimination or participate or act as witnesses in investigations of discrimination complaints is strictly prohibited.

    20.  The policies against discrimination shall include, at a minimum, the following provisions:

    a. A strong and clear commitment to a workplace free of sexual harassment and retaliation;

    b. Clear and comprehensive description of sexual harassment (both quid pro quo and hostile work environment) and retaliation, with examples;

    c. Statements prohibiting sex harassment and retaliation, with examples;

    d. A statement encouraging employees to come forward if they believe they have been harassed or retaliated against for complaining about discrimination;

    e. A description of the possible consequences up to and including termination that will be imposed in violation of the policy against sexual harassment and retaliation;

    f. A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information, including name, address, and telephone number of persons both internal and external (Consultant and EEOC) to whom employees can report sexual harassment and retaliation;

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 8
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

g.  A statement that Defendants shall notify the Consultant about any complaint of sexual harassment or retaliation they receive.  The Consultant shall have the sole responsibility of investigating and responding to the complaints.  A statement that Defendants shall be bound by the Consultant's determinations regarding complaints of sexual harassment and retaliation;

h.   A statement that employees may also bring their complaints directly to the EEOC and identify the EEOC's website address, telephone number, and email address;

i.  A statement of commitment, that to the maximum extent feasible, confidentiality for the person bringing complaints about sexual harassment and retaliation will be maintained;

j.  A statement that Defendants' sexual harassment policy applies to all persons, including owners, operators, management officials, supervisors, vendors, suppliers, third parties, and customers;

k.  An assurance to employees that Defendants will take immediate and appropriate corrective action when it is determined that harassment, or retaliation has occurred; and

l.  An assurance that Defendants' disciplinary policies hold all employees, including, owners, operators, management officials, and supervisors accountable for engaging in or failing to take appropriate action or engaging in conduct prohibited under this Consent Decree.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 9
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

21.     Defendants' anti-discrimination and anti-retaliation policies shall include an investigation procedure to ensure fair and competent investigations of complaints of discrimination.  The procedures shall, at a minimum, include requirements that:  (a) Defendants will advise the Consultant promptly of complaints, and no later than 24 hours of receipt; (b) investigations will be conducted  by the Consultant; (c) the investigation of a complaint will begin no later than two (2) business days after its receipt by Defendants and to be completed within fifteen (15) business days, unless extenuating circumstances warrant otherwise;  (d) Defendants will follow the Consultant's recommendations, investigation determinations, and decisions about remedial action; (e) appropriate remedial action as determined by the Consultant will be taken upon conclusion of the investigation; (f) the findings and corrective action be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of corrective action taken, if any; and (g) the results of each investigation, including a general description of the remedial actions taken or proposed, if any, be communicated to the complainant within five (5) business days after the conclusion of the investigation.

22.     Upon implementation, Defendants shall distribute a copy of their anti-discrimination policies either in paper or electronic form to all employees and shall make the policies readily accessible electronically and physically onsite for all employees for review.  These policies will also be distributed within ten (10) days to every employee hired or re-hired during the duration of this Decree.  In addition, Defendants shall state their commitment as an Equal Opportunity Employer by including the following text on all application materials, including paper

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 10
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1   and online versions, highlighted in bold text no smaller than 12-point font: "Discrimination in all

2   forms, including sexual harassment, is unacceptable.  We are committed to a workplace free from

3   discrimination and retaliation."  The application also will contain the contact information for the

4   Consultant who will be charged with responding to complaints of discrimination.

5

6                   D.  Policies Designed to Promote Accountability

7                   23.     Within one hundred twenty (120) days from the date of entry of this Consent

8   Decree and for its duration, Defendants shall adopt and implement policies and procedures that

9   specifically advise all owners, general managers, managers, supervisors, and human resource

10  personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including

11  Title VII, and the prohibition against retaliation.  Defendants shall impose discipline, up to and

12  including termination of employment, upon any supervisor, manager, hiring official, or human

13  resources personnel, who they determine discriminates, harasses or retaliates against any applicant

14  and/or employee.

15

16                   24.     In conducting performance reviews, Defendants shall include EEO

17  enforcement and compliance as standards for vice presidents, managers, supervisors, and human

18  resource personnel.

19

20                   E.  Policy Modifications

21                   25.     If Defendants modify any of the policies or procedures identified in

22  paragraphs 18-24, they shall submit to the EEOC for its review and consideration the policies and

23  procedures no later than thirty (30) days before adoption.  Within ten (10) business days of receipt,

24  the EEOC will review the proposed modifications in good faith and advise Defendants of any

25  comments.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 11
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

F.   Training

26.     Not later than thirty (30) days after entry of this Consent Decree, Defendants shall ensure that Pirfil Cam and Marfa Scheratski separately attend one-on-one training sessions amounting to no less than (8) hours each. That is, Pirfil Cam shall receive a total of eight (8) hours of training and Marfa Scheratski shall separately receive a total of eight (8) hours of training. Training shall be live, interactive instruction and can be conducted either in-person or through an online communication tool such as Skype, Zoom, Chime, or similar platform. . Training content shall focus on sexual harassment accountability and power dynamics in the workplace with an emphasis on workplace culture, dignity, and respect for all employees. Training content shall incorporate concepts described in the EEOC June 2016 Report of the Select Task Force on the Study of Harassment in the Workplace. The training shall emphasize employer best practices for responding to employee complaints of sexual harassment and retaliation or employer observations of such conduct in the workplace. These training sessions shall be developed and conducted by a third party with experience training individuals accused of sexual harassment or retaliation stemming from alleged sexual harassment. The identification of the trainer and any training materials must be submitted to the EEOC for review and comment no later than seven (7) days prior to the first training session. Within seven (5) days of receipt, the EEOC will advise Defendants of any comments. EEOC agrees to review the proposed trainer and training materials in good faith. Defendants shall pay the cost of these training sessions. Defendants shall certify to the EEOC within forty-five (45) days of entry of this Decree that Mr. Cam and Ms. Scheratski each received eight (8) hours of training/counseling required by this paragraph.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 12
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

27.     Not later than one-hundred and thirty (130) days after entry of this Consent Decree, Defendants shall provide an in-person interactive EEO training seminar to all its employees.  Annually thereafter, Defendants shall provide either in person or online interactive EEO training sessions to all its employees.  These annual EEO trainings for all employees shall be no less than two (2) hours in duration, and include, at a minimum, an overview of Title VII with special emphasis on Defendants' EEO policies relating to sexual harassment and retaliation; Defendants' complaint and investigation procedures and contact information for reporting discrimination, including sexual harassment, and retaliation; bystander intervention techniques when employees witness discrimination, harassment or retaliation occurring; that retaliation against an employee or applicant who reports harassment or discrimination is prohibited; and contact information for EEOC as a resource for inquiries and to report discrimination, harassment and retaliation.  In addition, after the first training, Defendants shall provide either in person or through an online–interactive module EEO training to new hires within thirty (30) days of the employee's hire date.

28.     Not later than one hundred eighty (180) days after the four-year anniversary of the entry of this Consent Decree, all owners, managers, supervisors and/or employees with any responsibilities regarding harassment, discrimination, and retaliation claims shall receive in-person, interactive training about how to conduct such investigations.  The workplace investigations training shall be no less than one (1) eight (8) hour work day, which may include the two (2) hour training described in paragraph 30 regarding Defendants' anti-harassment, anti-discrimination, and anti-retaliation policies, supervisory performance standards, and complaint and investigation procedures.

29.     The trainings described in paragraphs 27-28 shall be developed and conducted by a third party, which may be the Consultant, with established experience conducting anti-

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 13
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

discrimination and anti-retaliation training and workplace investigations.  All training materials and identification of the trainer must be submitted to the EEOC for review and comment no later than sixty (60) days prior to holding the first training sessions.  Within fourteen (14) days of receipt, the EEOC will advise Defendants of any comments.  EEOC agrees to review the proposed trainer and training materials in good faith.  Defendants shall provide the trainings described in paragraphs 27-28 at their own costs.

30.     If Defendants modify the EEO trainings identified in paragraphs 27-29 during the duration of the Consent Decree, Defendants shall submit to the EEOC for its review and comment the proposed modifications no later than thirty (30) days before adoption.  Within fourteen (14) days of receipt, the EEOC will advise Defendants of any comments.  EEOC agrees to review the proposed modifications in good faith.

Non-Disclosure of Information

31.     Defendants shall ensure that no charge, allegation of discrimination or reference to this lawsuit against Defendants, are included in Ms. Nelson's personnel file or the personnel file for any claimant recovering settlement monies as provided in this Consent Decree. Defendants may retain this information, if any, in a file separate and apart from the personnel file. Defendants shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about Ms. Nelson or any of the claimants.  When fielding inquiries about Ms. Nelson or any claimant recovering settlement monies as provided in this Consent Decree, consistent with its standard practice, Defendants shall provide a neutral job reference consisting of employment dates and positions held.

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 14
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

G. Posting

32.    Defendants shall post a Notice to All Employees within five (5) days of entry of this Consent Decree.  This Notice is attached as Exhibit A to this Consent Decree.  The Notice shall be conspicuously posted on a bulletin board at all Defendants' for the duration of the Consent Decree.

H. Reporting

33.    Defendants shall report to the EEOC for a period of five (5) years.  The reporting period will run from the date of entry of this Consent Decree.  The reports shall be in writing and submitted on a bi-annual basis during the reporting period to:

EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_BHS@eeoc.gov.  These quarterly reports shall contain the following information and attachments:

    a.  Certification that Defendants have:

        1.    Continued to maintain its written policy and procedures and distributed copies of its policies as described in paragraphs 18-22;

        2.    Complied with the Notice Posting requirement in paragraph 32;

        3.    Complied with the training provisions enumerated in this Consent Decree, as provided in paragraphs 27-30, and provided a list of all attendees, with job titles, for each training completed;

        4.    Continued to maintain written policies and procedures to promote accountability as required by paragraphs 23-24; and

        5.    Complied with all other provisions of this Consent Decree.

    b.  Copies of the following documents shall be included with each quarterly report:

        1.    A copy of the EEO policy and procedures maintained in accordance with the provisions of this Consent Decree;

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 15
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

2. A copy of its current EEO policy and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subjects of discrimination, harassment or retaliation;

3. A report of the resolution of each internal formal or informal discrimination, harassment, or retaliation complaint made by employees or applicants, including:

    i. identification of all individuals involved, including their titles and work locations;

    ii. the particulars of the complaint;

    iii. a summary of the investigation conducted by the Consultant according to the provisions of paragraph 21 above;

    iv. investigation determination and any corrective action taken;

    v. name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint.

    vi. upon EEOC's request the home address, home and cell phone numbers, and e-mail address for any complainants.

34. During the pendency of this Consent Decree, Defendants shall make available a senior manager or human resource official, or other appropriate personnel for audits upon request by EEOC to determine compliance with this Consent Decree. EEOC shall provide notice of audit subject matter not later than five (5) business days in advance but, at a minimum, the audit shall include whether Defendants have received any complaints about harassment or retaliation. Any requested audit will be conducted at a mutually agreeable time and place.

VII. ENFORCEMENT

35. If the EEOC determines that Defendants have not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendants. The EEOC shall not petition the Court for enforcement of this Consent Decree for at

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 16
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

least forty-five (45) days after providing written notification of the alleged breach.  The EEOC and Defendants shall utilize the 45-day period to engage in good-faith efforts to resolve the dispute.

36.     If Defendants request an extension of any deadlines set forth in this Consent Decree that may be needed due to the impact of a public heath emergency on health and safety, EEOC agrees to consider such request in good faith.

VIII.     RETENTION OF JURISDICTION

37.     The United States Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree for enforcement purposes.

38.     This Consent Decree shall be in effect for five (5) years from the date of its entry.  If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendants to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 26th day of March, 2020.

| | |
|---|---|
| ROBERTA L. STEELE | SHARON FAST GUSTAFSON |
| Regional Attorney | General Counsel |
| | |
| JOHN F. STANLEY | JAMES L. LEE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| TERI L. HEALY | GWENDOLYN Y. REAMS |
| Senior Trial Attorney | Associate General Counsel |
| | |
| | Office of the General Counsel |
| | 131 M Street, N.E. |
| | Washington, D.C. 20507 |

BY:_s/Roberta L. Steele_____
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, WA  98104-1061

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 17
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1 | Telephone (206) 220-6916
Facsimile (206) 220-6911

2

3 | Attorneys for Plaintiff EEOC

4 | BY: *s/Sharon C. Peters*

5 | Sharon C. Peters
Lewis Brisbois Bisgaard & Smith LLP

6 | 888 SW Fifth Avenue, Suite 900
Portland, OR 97204-2025

7 | Phone 971-712-2807
Fax 971-712-2801

8

9 | Attorney for Defendants, Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort, LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 18
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this date, I filed by ECF the parties [PROPOSED] CONSENT

3

DECREE.

4

5

6

DATED this 26th day of March, 2020

7

8

s/ Rebecca Eaton
REBECCA EATON

9

Paralegal Specialist

10

Equal Employment Opportunity Commission
909 First Ave, Suite 400

11

Seattle, Washington 98104
Telephone: 206-220-6891

12

Email: rebecca.eaton@eeoc.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EEOC v. Bonneville Hot Springs, Inc. and Carson Hot Springs Resort,
LLC
19-cv-05409-BHS-MAT
[PROPOSED] CONSENT DECREE – 19
4830-2347-9734.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882